**SULAIMAN LAW GROUP**
Alejandro E. Figueroa
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 630-575-8181
Facsimile: 630-575-8188
E-Mail: alejandrof@sulaimanlaw.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICK K. DEKKER,<br><br>Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>Defendant. | Case No. 8:21-cv-01957<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692** *et seq.*<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Rick K. Dekker ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of Receivables Performance Management, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and Defendant's violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law RFDCPA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resided in the Central District of California, Defendant conducts business in the Central District of California, a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

5. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Central District of California.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

8. Defendant maintains its principal place of business located at 20818 44th Ave. W #140, Lynnwood, Washington 98036.

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debts and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

**FACTS SUPPORTING CAUSE OF ACTION**

11. Prior to events giving rise, Plaintiff leased a 2015 Nissan Sentra through Exchange Leasing which he used primarily for his own personal transportation needs.

12. Upon information and belief, the leasing agreement stated that if payments were kept current and a payment was never missed, Plaintiff would be able to return the vehicle at his own will.

13. In August 2018, Plaintiff returned the 2015 Nissan Sentra to and did not hear anything from Exchange Leasing following the return.

14. Unbeknownst to Plaintiff, the debt was sold to Rock Creek Capital and then to XCL Titling Trust and Defendant acquired the right to collect on $635.56 ("subject debt") for the 2015 Nissan Sentra.

15. Despite never missing a payment, on October 10, 2021, Defendant mailed Plaintiff a letter in an attempt to collect on the subject debt ("Defendant's Letter").

16. Defendant's Letter depicted, in pertinent part, as follows:

**RPM**
Receivables Performance Management LLC
20818 44TH AVE W, SUITE 140
Lynnwood, WA 98036

You can now pay online at: www.rpmpayments.com

| Account Information | |
|---|---|
| Date: | 10-09-21 |
| Reference Number: | 65993740 |
| Creditor: | Rock Creek Capital, LLC |
| Creditor Account: | 007005120 |
| Original Creditor: | XCL Titling Trust |
| Principal Due: | $635.56 |
| Interest: | $0.00 |
| Fees Due: | N/A |
| Total Due: | $635.56 |
| Vehicle VIN: | 3N1AB7AP3FY373344 |
| Vehicle Type: | 2015 NISSAN SENTRA |

Dear Customer:

Your account has been listed with Receivables Performance Management for payment processing and collection. If you have any questions or need assistance, please call TOLL FREE 877.250.3632.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you so request in writing within 30 days of receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

**This communication is from a debt collector. The purpose of this notice is to collect a debt. Any information obtained will be used for that purpose.**

You may request records showing the following: (1) that DNF Associates has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of default or the date of the last payment; (4) the name of the charge-off creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement to the debt. A request for these records may be addressed to: P.O. Box 1548 Lynnwood, WA 98046.

**California Residents:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov/. As required by law, you are hereby notified that a negative credit agency report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described in this notice.

Receivables Performance Management, LLC does not sell any data received or collected. Receivables Performance Management, LLC does not share any personal information received with any 3rd party.

**Pay Online!**

**Pay Online**
Secure, Convenient and Easy to Use.
You can now pay online at:
www.rpmpayments.com

**Pay By Phone**
Telephone Hours:
Mon - Fri 7:30 AM to 5:00 PM Pacific time, Sat 7:00 AM to 12:00 PM Pacific time
Tel: 877.250.3632

**Pay By Mail**
Send Mail To:
Receivables Performance Management LLC
PO Box 1548
Lynnwood, WA 98046-1548

3

17. Defendant's Letter did not conspicuously identify the current creditor as required by §1692g(a)(2) of the FDCPA.

18. Specifically, Defendant's Letter states, "Your account has been listed with:" and "Rock Creek Capital, LLC," but does not identify the current creditor.

19. Defendant's Letter confused Plaintiff as he was unable to determine if the original creditor, "XCL Titling Trust," was also the current creditor.

20. In other words, just because XCL Titling Trust, may have been the original creditor does not necessarily mean that it is also the current creditor.

21. Further obfuscating the identity of the current creditor, Defendant's Letter requested that payment be made directly to Defendant, and not Rock Creek Capital, LLC.

22. Defendant's Letter was additionally confusing because it did not conspicuously identify Rock Creek Capital, LLC as Defendant's "client," or explain how the subject debt was referred to Defendant for collection thus further obscuring the identity of the current creditor.

23. Defendant's Letter also stated that Plaintiff could write to Defendant to find out if DNF Associates has the right to seek collection of the debt.

24. This is adding an additional party to the equation as the letter does not identify who DNF Associates is.

25. This language raised the possibility that the subject debt could have been sold but did not clarify who currently owns the subject debt.

26. Accordingly, Defendant's Letter confused Plaintiff as he was unable to determine whether Rock Creek Capital, LLC, XCL Titling Trust, Defendant, or an unknown party was the current creditor.

27. Due to Defendant's Letter's failing to identify the current creditor, Plaintiff's decision to pay the subject debt was impacted because he was confused and mislead in its representation.

28. Furthermore, Plaintiff is unaware what the debt is for as he was up to date on all his payments and was never late.

29. Moreover, Uber nor Exchange Leasing ever contacting Plaintiff regarding an delinquent payments.

30. Accordingly, Plaintiff was deprived of his right to receive critical information required by the FDCPA.

31. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### DAMAGES

32. Defendant's actions of misleading the status and owner of the debt without revealing this information to the Plaintiff has severely disrupted his daily life and general well-being.

33. Plaintiff was unduly inconvenienced by Defendant's unlawful attempts of collecting on a debt without providing the name of the creditor to whom the debt is owed to.

34. Plaintiff has expended time and money consulting with attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

37. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

38. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

39. The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

40. Defendant used the mail to attempt to collect the alleged debt from Plaintiff and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

41. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

42. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), and g(a)(2) through its unlawful debt collection practices.

   **a. Violations of FDCPA § 1692e**

43. Defendant violated §1692e, e(2), and e(10) when it used deceptive means to collect the alleged debt from Plaintiff. Defendant sent a written correspondence to Plaintiff seeking to collect upon a debt not owed by Plaintiff because Plaintiff properly returned the vehicle he leased to Uber and never missed a payment. Furthermore, Uber never contacted Plaintiff in regards to a delinquent account because Plaintiff kept up with payments and returned the 2015 Nissan Sentra properly and within the terms of the leasing agreement.

44. . These false, deceptive, and misleading acts of sending collection letters to Plaintiff in an attempt to collect on a debt he does not owe is confusing and harmful. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to collect on a debt he does not owe and never had prior consent to do so.

   **b. Violations of FDCPA § 1692g**

45. Section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) **the name of the creditor to whom the debt is owed**;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

46. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the identity of the current creditor.

47. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA.

48. Specifically, Defendant violated §1692g(a)(2) by failing to identify the current creditor to whom the debt is owed.

49. As set forth above, Defendant's Letter confused Plaintiff as he was unable to determine whether Rock Creek Capital, LLC, XCL Titling Trust, Defendant, or an unknown party was the current creditor to whom the subject debt is owed.

50. The confusing and misleading nature of Defendant's Letter impacted Plaintiff's decision to pay the subject debt and thus Defendant's omissions and misrepresentations were material.

51. Assuming that Rock Creek Capital, LLC, is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc.*, 948 F.3d 761, 765 (7th Cir. 2020).

52. Plaintiff may enforce the provisions of §15 U.S.C. g(a)(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff RICK K. DEKKER respectfully requests that this Honorable Court rule in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Enjoin Defendant from further communicating with Plaintiff;

c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

8

e. Award any other relief as the Honorable Court deems just and proper.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

53. Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

54. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

55. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

56. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    a. **Violations of RFDCPA § 1788.17**

57. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

58. As outlined above, through their conduct in attempting to collection upon the subject consumer debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e, e(2), e(10) and g(a)(2) of the FDCPA. Defendant engaged in deceptive, misleading and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

59. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

**WHEREFORE**, Plaintiff RICK K. DEKKER respectfully requests that this Honorable Court rule in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: November 30, 2021                                   Respectfully submitted,

By: */s/ Alejandro E. Figueroa*
Alejandro E. Figueroa, Esq.
**Sulaiman Law Group, Ltd.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois
Telephone: 630-575-8181
Facsimile: 630-575-8188
E-Mail: alejandrof@sulaimanlawgroup.com
*Of counsel*